IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|                              |   |                            |
|------------------------------|---|----------------------------|
| TRANQUILINO DEGUZMAN-BATI     | ) | Cr. No. 09-00093 HG -01    |
|                              | ) | Cv. No. 14-00284 HG-KSC    |
| Petitioner,                  | ) |                            |
|                              | ) |                            |
| vs.                          | ) |                            |
|                              | ) |                            |
| UNITED STATES OF AMERICA,     | ) |                            |
|                              | ) |                            |
| Respondent.                  | ) |                            |
|                              | ) |                            |

**ORDER DENYING PETITIONER TRANQUILINO DEGUZMAN-BATI'S MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §
2255
(ECF NO. 37)
AND
HOLDING THAT PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF
APPEALABILITY**

On June 19, 2014, Petitioner Tranquilino Deguzman-Bati filed
a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28
U.S.C. § 2255.  ("Section 2255 Motion", ECF No. 37.)  Petitioner
challenges his sentence, contending that he should be resentenced
to a lesser term as a non-career offender.

Petitioner's Section 2255 Motion (ECF No. 37) is **DENIED.**
The Court also holds that Petitioner is not entitled to a
certificate of appealability.

## **PROCEDURAL BACKGROUND**

On August 27, 2008, a two count Indictment was filed
against Petitioner Tranquilino Deguzman-Bati ("Petitioner") and
his co-defendant in CR No. 08-00539 HG.  Petitioner was charged
with conspiring to distribute and possess with intent to
distribute 50 grams or more of methamphetamine between June 1 and
August 5, 2008 (Count 1), and distributing and possessing with
intent to distribute 50 grams or more of methamphetamine on or
about August 5, 2008 (Count 2). (ECF No. 19.[1])

On August 29, 2008, an arrest warrant for Petitioner was
returned executed on August 16, 2008. (ECF No. 23.)

On September 2, 2008, Petitioner was personally served with
the summons in CR 08-00539 HG, while in custody. (ECF No. 27.)

On that same date, Petitioner appeared before a Magistrate
Judge, waived arraignment and entered a plea of not guilty. (ECF
No. 26.)

On September 8, 2008, a Special Information, pursuant to 21
U.S.C. § 851, was filed alleging that the Petitioner had been
convicted on April 1, 1992 of possession/purchase for sale of a
narcotic controlled substance, in violation of Section 11351 of
the California Health and Safety Code and that he had also been

---

[1]    The docket citations refer to District of Hawaii, CR
No. 08-00539 HG, unless otherwise specified.

convicted on May 26, 1993 of transport/sell narcotic controlled substance, in violation of Section 11352(a) of the California Health and Safety Code. (ECF No. 29.)

On December 2, 2008, Petitioner filed a Motion to Strike the United States' Previously Filed Special Information as to Prior Drug Convictions. (ECF No. 39.)

On December 17, 2008, the Government filed an Opposition to Petitioner's Motion to Strike the United States' Previously Filed Special Information as to Prior Drug Convictions. (ECF No. 43.)

On December 29, 2008, the Court ordered a continuance of the trial date and exclusion of time under the speedy trial act pursuant to a stipulation between the Government and Petitioner. (ECF No. 45.)

On January 20, 2009, the Court denied Petitioner's Motion to Strike United States' Previously Filed Special Information as to Prior Drug Conviction. (ECF No. 47.)

On February 4, 2009, the Court issued a written order detailing the reasons for denying Petitioner's Motion to Strike United States' Previously Filed Special Information as to Prior Drug Conviction. (ECF No. 48.)

On March 2, 2009, the Government filed an Information in CR No. 09-00093 charging Petitioner with conspiring to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, said conspiracy occurring

between on or about June 1, 2008 and August 16, 2008 in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (CR No. 09-00093, ECF. No. 1.)

On March 13, 2009, Petitioner entered a plea of guilty to the Information in CR No. 09-00093, pursuant to a Memorandum of Plea Agreement (hereinafter, "Plea Agreement") (CR 09-00093 HG, ECF No. 18.)

On that same date, Petitioner entered a Waiver of Indictment (CR 09-00093 HG, ECF No. 16) and Consent to Rule 11 Plea in a Felony Case Before United States Magistrate Judge. (CR 09-00093 HG, ECF No. 17.)

On March 16, 2009, the Magistrate Judge entered a Report and Recommendation Concerning Plea of Guilty, recommending that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly. (CR 09-00093 HG, ECF No. 14.) Pursuant to the Plea Agreement, Petitioner and the Government agreed that the two criminal cases — CR 09-00093 HG and CR No. 08-00539 HG – would be consolidated for the purposes of sentencing Petitioner. (Plea Agreement at ¶ 4, ECF No. 18.)

On May 13, 2009, the Government filed a Sentencing Statement stating that it had no objections to the draft Presentence Investigation Report ("PSR"). (CR 09-00093 HG, ECF No. 19.)

On that same date, the Government filed a Withdrawal of Special Information as to Prior Drug Conviction Pursuant to 21

U.S.C. § 851, withdrawing the Special Information filed on
September 8, 2008 in accordance with Paragraph 10.c. of the Plea
Agreement. (CR 09-00093 HG, ECF No. 22.)

On May 20, 2009, Petitioner filed "Objections to Proposed
Presentence Investigation Report", but in that document stated
that he had no objections to the proposed PSR. (CR 09-00093 HG,
ECF No. 25.)

On June 5, 2009, the Court accepted Petitioner's plea of
guilty as to the Information in CR No. 09-00093. (CR 09-00093
HG, ECF No. 27.)

On that same date, pursuant to the Plea Agreement, the
Government orally moved to dismiss the Indictment in CR 08-00539
HG, and the Court granted the Government's oral motion. (CR 09-
00093 HG, ECF No. 29.)

On that same date, Petitioner was sentenced to 220 months'
imprisonment,[2] 5 years' supervised release, no fine, and
a special assessment of $100. (CR 09-00093 HG, ECF No. 29.)

On June 9, 2009, the Court entered Judgment as to
Petitioner. (CR 09-00093 HG, ECF No. 30.)

On June 12, 2009, Probation filed its Presentence
Investigation Report and Sentencing Recommendation as to
Petitioner. (CR 09-00093 HG, ECF Nos. 31, 32.)

---

[2] Petitioner's Section 2255 Motion mistakenly states that
the length of his sentence is 262 months.

On June 26, 2009, the Court entered an Order For Dismissal, dismissing the Indictment against Petitioner in CR 08-00539 on the grounds that Petitioner entered a guilty plea to the Information in CR No. 09-00093, as agreed to by the Government and Petitioner in the Plea Agreement. (ECF No. 61.)

On June 19, 2014, Petitioner filed the instant Section 2255 Motion. (CR 09-00093 HG, ECF No. 37; CV No. 14-000284 HG, ECF No. 1.)

On July 24, 2014, the Government filed a Response in opposition to the Section 2255 Motion. (CR 09-00093 HG, ECF No. 39.)

On August 25, 2014, Petitioner filed his Reply in support of his Section 2255 Motion. (CR 09-00093 HG, ECF No. 40.)

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[3] provides federal prisoners with a right of action to challenge a sentence if it was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is

---

[3] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner may file a motion ("a Section 2255 Motion") to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255.

The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

**BACKGROUND**

I.   Ground for Relief

Petitioner Tranquilino Deguzman-Bati, in seeking to vacate his sentence, alleges one ground for relief.

Ground One alleges claims related to the District Court's sentencing:

> Ground One: Petitioner claims that in light of Descamps v. United States,____U.S.____, 133 S.Ct. 2276 (2013), "Petitioner's 262 month career offender sentence must be vacated and he must be resentenced."[4] Petitioner contends that, based on Descamps, he should be resentenced "to a non career term but not to exceed 168 months of imprisonment." To support his contention, Petitioner argues that his two prior felony drug convictions in California state court are not aggravated or violent felonies and are not based on divisible statutes, and therefore it was improper for the Court to apply "Taylors categorical approach at sentencing."[5] Petitioner further alleges that his Motion is timely and Descamps applies retroactively.

_____

[4] The Court sentenced Petitioner to 220 months, not 262 months.

[5] The Court assumes that Petitioner is referring to Taylor v. United States,495 U.S. 575 (1990).

(Section 2255 Motion, CR 09-00093 HG, ECF No. 37 at 5.)

Petitioner did not raise this issue in a direct appeal or in other post-conviction proceedings. (Id.)


II.  Petitioner's Prior Felony Convictions

Petitioner's prior California state court convictions and the Court's consideration of those convictions in sentencing him are central to Petitioner's claim.  Petitioner has the following two prior state court convictions, both of which are final:

(1)  A conviction on or about April 1, 1992 of one count of the crime of possession/purchase for sale a narcotic controlled substance, a felony, in violation of Section 11351 of Health and Safety Code, Superior Court, County of Los Angeles, State of California in People of the State of California v. Jun Guzman Bati, No. PA 009292, and;

(2)  A conviction on or about May 26, 1993 of one count of the crime of transport/sell narcotic controlled substance - with prior controlled substance conviction, a felony, in violation of Section 11352(a) of the Health and Safety Code, in Superior Court, County of Los Angeles, State of California in People of the State of California v. Jun Guzman Bati, No. PA 011580.

III. <u>Plea Agreement</u>

In the Plea Agreement, Petitioner pled guilty to the Information in CR No. 09-00093 HG, which charged Petitioner with the crimes of knowingly and intentionally conspiring to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, said offense occurring between on or about June 1, 2008 and on or about August 16, 2008, and with distributing and possessing with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, said offense occurring on or about August 5, 2008, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Plea Agreement at ¶¶ 1(a), 4, ECF No. 18.)

Pursuant to the Plea Agreement, in exchange for Petitioner's guilty plea to the Information in CR No. 09-00093 HG, the Government agreed to dismiss the Indictment in CR No. 08-00539 HG at the time of sentencing. (Plea Agreement at ¶ 4.) Pursuant to paragraph 10(c) of the Plea Agreement, the Government further agreed to withdraw the previously filed Special Information alleging Petitioner's prior felony drug convictions in the state of California in exchange for Petitioner's acknowledgment of the two prior convictions and his agreement that they subjected him to sentencing as a career offender under Section 4B1.1 of the Sentencing Guidelines. (Plea Agreement at ¶ 10(c) ("Defendant

acknowledges these two prior felony drug convictions and agrees
that they subject him to sentencing as a career offender pursuant
to Guideline § 4B1.1.".) Petitioner also waived his right to
collaterally attack, or otherwise challenge, his sentence if it
was within or below – as is the case here - the applicable
guideline range as set forth under the Sentencing Guidelines.
(Plea Agreement at ¶¶ 13(a), (b), 14.)


IV.  <u>Sentencing</u>

        The Court sentenced Petitioner as a "Career Offender"
pursuant to Section 4B1.1 of the Sentencing Guidelines, resulting
in a Total Offense Level of 34, Criminal History Category III.
In finding Petitioner to be a career offender, and thereby
enhancing his sentence, the Court relied on Petitioner's two
prior felony convictions in California state court.  Petitioner's
career offender status raises his Offense Level from 31 to 37.
Petitioner received a 3 point reduction in his Offense Level for
his acceptance of personal responsibility and assistance to
authorities.

        The maximum penalty for the charge to which Petitioner pled
guilty was 10 years to life imprisonment, 5 years to life
supervised release, $4,000 fine, and $100 special assessment.

<u>**ANALYSIS**</u>

**I.  PETITIONER'S SECTION 2255 MOTION DOES NOT ESTABLISH A RIGHT TO RELIEF**

> **A.  Petitioner's Claim Raised in Ground One of Petitioner's Section 2255 Motion Lacks Merit**

> > **1.  Petitioner's Claim Is Time-Barred**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion").  The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute.  28 U.S.C. § 2255(f).

In this case, judgment was entered on June 5, 2009, and Petitioner did not appeal. Petitioner's judgment of conviction became final on June 19, 2009, fourteen days after judgment was entered.  Fed. R. App. P. 4(b); <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653 (2012) (finding that a conviction becomes final at the expiration of the time for seeking direct review).  Petitioner did not file the Section 2255 Motion until June 19, 2014, five years after Petitioner's judgment of conviction became final. Petitioner's Section 2255 Motion is time barred.

Aware of this problem, Petitioner argues that <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), decided on June 20, 2013,

11

announced a new rule of law and should be applied retroactively. A Section 2255 Motion asserting a newly recognized constitutional right is timely if it is filed within one year of the date on which the newly recognized constitutional right was initially recognized by the Supreme Court, and if that new right is retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005).

The United States Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989) provides guidance as to when a rule is new and, if new, when it applies retroactively to cases on collateral review. A decision of the Supreme Court announces a new rule if "the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301 (emphasis omitted). That is not the case here.

Descamps discussed the process for determining when a prior conviction can be used to increase a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA increases the sentences of certain federal defendants who have three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Similarly, Section 4B1.1 of the Sentencing Guidelines, at issue in this case, increases the sentence of certain federal defendants who have "at least two prior felony convictions of either a crime of violence or a

controlled substance offense." USS § 4B1.1(a). In either case, when considering past convictions for sentencing purposes, courts use a method known as the "categorical approach" or a variant of that method known as the "modified categorical approach." See Descamps, 133 S. Ct. at 2281; United States v. Crawford, 520 F.3d 1072, 1078 (9th Cir. 2008).

Under the "categorical approach", "the sentencing court must look only to the statute of conviction." Crawford, 520 F.3d at 1078. But, "when a prior conviction is for violating a so-called 'divisible' statute", courts use the modified categorical approach. Descamps, 133 S. Ct. at 2281; Crawford, 520 F.3d at 1078 ("If the statute is facially over-inclusive, the court employs the modified categorical approach.") A divisible statute is a statute that "sets out one or more elements of the offense in the alternative." Descamps, 133 S. Ct. at 2281. Generally, under the modified categorical approach, the court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id. "Where the prior conviction was based on a guilty plea, the sentencing court's review is limited to those documents made or used in adjudicating guilt such as the terms of the charging document, the terms of a plea agreement or [the] transcript of [the] colloquy between judge and defendant in which the factual

13

basis for the plea was confirmed by the defendant, or to some
comparable judicial record of this information." Crawford, 520
F.3d 1072, 1078 (citations and quotations omitted.)

In Descamps, the Court considered whether a sentencing court
may use the modified categorical approach when a defendant's
prior conviction is for violating an *indivisible* statute.  Id.
The Court held that the sentencing court cannot – i.e., the
modified categorical approach does not apply to statutes that
contain a single, indivisible set of elements.  Descamps, 133 S.
Ct. at 2293.  This is because when a conviction is based on an
indivisible statute, there is no need for the court to determine
which statutory phrase was the basis for defendant's prior
conviction.  Id. at 2285

The Court began its analysis by noting: "Our caselaw
explaining the categorical approach and its 'modified'
counterpart all but resolves this case." Descamps, 133 S. Ct. at
2283.  The Court then discussed how its prior decisions in Taylor
v. United States,495 U.S. 575 (1990) and Shepard v. United
States,544 U.S. 13 (2005) explained the limited function of the
modified categorical approach.  Descamps, 133 S. Ct. at 2283-85.
Descamps, therefore, did not announce a new rule of law but
merely clarified what it had previously decided in Taylor and
Shepard regarding use of the categorical and modified categorical
approaches in evaluating prior convictions.  Several other courts

14

have similarly concluded that Descamps did not announce a new
rule of law.  See United States v. Dees, CRIM. 05-0225-WS-B, 2014
WL 2885481, n.1 (S.D. Ala. June 25, 2014) (collecting cases).
The decision in Descamps does not render Petitioner's Section
2255 Motion timely.

Because Descamps did not announce a new rule, the Court need
not decide whether it can be applied retroactively to cases on
collateral review.  See Teague, 489 U.S. at 310 (discussing test
to determine retroactivity).  The Court, however, notes that it
has not found any cases applying Descamps retroactively.

### 2.  Petitioner's Claim is Barred Under the Plea Agreement

The record shows that Petitioner entered a knowing and
voluntary guilty plea.  The court will enforce the plain,
unambiguous terms of a plea agreement.  See Wilson Arlington Co.
v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990).
Petitioner does not contend that his plea was somehow
involuntary.

In Paragraph 13 of the Plea Agreement, Petitioner waived his
rights to appeal or collaterally challenge his conviction and
sentence except if the Court imposed a sentence in excess of that
recommended under the Sentencing Guidelines or Petitioner raised
a claim of ineffective assistance of counsel. Here, the Court
imposed a sentence below that recommended under the Sentencing

Guidelines, and Petitioner is not raising a claim of ineffective assistance of counsel. Accordingly, his motion is barred by the express terms of the Plea Agreement.

### 3. The Court Properly Determined that Petitioner Is a Career Offender

Under USSG § 4B1.1, a defendant is subject to sentencing as a career offender if he was over the age of eighteen when he committed the offense of conviction, the offense of conviction is a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. Petitioner contends that the Court improperly considered his two prior felony convictions in determining that he is a career offender. Petitioner's contention is without merit. Both of Petitioner's prior felony convictions are controlled substance offenses.

Under USSG § 4B1.2(b), a controlled substance offense is:

> an offense under federal or state law, punishable
> by imprisonment for a term exceeding one year, that
> prohibits the manufacture, import, export,
> distribution, or dispensing of a controlled
> substance (or a counterfeit controlled substance)
> or the possession of a controlled substance (or a
> counterfeit controlled substance) with intent to
> manufacture, import, export, distribute, or
> dispense.

### a. April 1, 1992 Conviction

On April 1, 1992, Petitioner was convicted of possession/purchase of sale a narcotic controlled substance in violation of Section 11351 of the California Health and Safety Code in Los Angeles Superior Court. The possession or purchase of crack cocaine for sale in violation of Section 11351.5 of the California Health and Safety Code is categorically a controlled substance offense for purposes of USSG § 4B1.1. See United States v. Charles, 583 F.3d 927, 934 (9th Cir. 2008). Because this conviction qualifies categorically, the Supreme Court's Descamps' decision, pertaining only to application of the modified categorical approach, does not apply.

### b. May 26, 1993 Conviction

On May 26, 1993, Petitioner was convicted of transport/sell narcotic controlled substance in violation of Section 11352(a) of the California Health Safety Code in Los Angeles County Superior Court. Section 11352(a) prohibits the knowing sale, furnishing, administration, transportation, or importation of a controlled substance in the State of California. CAL HEALTH & SAFETY CODE § 11352(a). It is a divisible statute because it may be violated in a number of ways. Because Petitioner's conviction was under a divisible statute, and not under a statute containing a single, indivisible set of elements, Descamps' holding does not apply and

the Court could have properly applied the modified categorical approach.

Under the modified categorical approach, the Court could have properly looked to the Plea Agreement. As discussed above, in Paragraph 10.c. of the Plea Agreement, Petitioner acknowledged his two prior felony convictions and expressly agreed that they subjected him to sentencing as a career offender. See Crawford, 520 F.3d at 1079 (holding that defendant's conviction under Section 11352 of the California Health and Safety Code met "the requirements for modified categorical approach" and that the district court properly relied on the facts admitted in the plea agreement.) The PSR, to which Petitioner did not object, also described the basis for his two prior convictions. Cf. United States v. Kaneakua, 105 F.3d 463, 468 (9th Cir. 1997) (defendant had adequate notice that his prior conviction would be relied upon at sentencing where defendant was clearly aware from the presentence report that the probation officer recommended the mandatory 40-month sentence). As set forth in paragraph 40 of the PSR, without objection, the manner in which Petitioner violated Section 11352(a) (sale of crack cocaine to an undercover officer) brought it within the definition of a controlled substance offense under USSG §§ 4B1.1 and 4B1.2(b). Petitioner has not pointed to any record evidence showing that the Court went beyond what it is allowed to do under the modified

categorical approach.  The Court properly concluded that Petitioner's 1993 conviction under Section 11352(a) qualified under USSG § 4B1.1 as a conviction for a controlled substance.

Accordingly, based on his 1992 and 1993 convictions, the Court properly found that Petitioner is a career offender.

### B.   Petitioner is Not Entitled to an Evidentiary Hearing

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An evidentiary hearing is not required, however, if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)(citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

Petitioner's claims do not provide grounds for relief. Petitioner is not entitled to an evidentiary hearing.


## II.  PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

AEDPA provides that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2). A

"substantial" showing requires a prisoner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000)(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4 (1983)).

Petitioner's arguments are not supported by the record and applicable law. Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings. Petitioner has not made a substantial showing of a denial of a constitutional right as required for the Court to grant a certificate of appealability.

<u>**CONCLUSION**</u>

For the foregoing reasons,

(1)   Petitioner Tranquilino Deguzman-Bati's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CR 09-00093 HG, ECF NO. 37; CV No. 14-000284 HG, ECF No. 1) is **DENIED.**

(2)   Petitioner is not entitled to a certificate of appealability.

(3)   This case is now CLOSED.


      IT IS SO ORDERED.

      DATED: September 26, 2014, Honolulu, Hawaii.



                              /s/ Helen Gillmor


                         Helen Gillmor
                         United States District Judge




Tranquilino Deguzman-Bati v. United States of America; Cr. No. 09-00093 HG-01; Cv. No. 14-00284 HG-KSC; **ORDER DENYING PETITIONER TRANQUILINO DEGUZMAN-BATI'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 37) AND HOLDING THAT PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY**